FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATALIA STOLIAROVA; SERGUEI CHERKASSOV, | No. 06-74688 |
| Petitioners, | Agency Nos. A075-721-384<br>A075-721-385 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010 [**]

Before:    RYMER,  McKEOWN, and PAEZ, Circuit Judges.

Natalia Stoliarova and her husband, Serguei Cherkassov, natives and citizens

of Russia, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's ("IJ") decision denying their

application for asylum, withholding of removal, and protection under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, and we review factual findings for substantial evidence. *See Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We deny in part and grant in part the petition for review.

Petitioners do not raise any arguments in their opening brief regarding the agency's dispositive determination that their asylum application was time-barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived). Accordingly, we deny the petition as to petitioners' asylum claim.

The agency's adverse credibility determination is not supported by substantial evidence because Stoliarova's testimony about the 1996 local elections was consistent with the documentary evidence concerning the 1997 state elections, and Stoliarova was not given an opportunity to explain the perceived discrepancy between her testimony concerning the Fatherland Revival Party and the article concerning the Fatherland-All Russia Party. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1091-92 (9th Cir. 2009). Stoliarova's lack of knowledge regarding when the Fatherland Revival Party was established does not support the agency's adverse credibility finding because it does not go to the heart of her claim. *See Cosa v. Mukasey*, 543 F.3d 1066, 1070 (9th Cir. 2008). Because Stoliarova provided

documentary evidence regarding the Fatherland Revival Party, her participation in the trial of the party's leader, and her beating and subsequent miscarriage, the agency's adverse credibility finding based on the failure to provide additional corroborating evidence is not supported. *See Gui v. INS*, 280 F.3d 1217, 1227 (9th Cir. 2002) (where "a petitioner provides some corroborative evidence to strengthen [her] case, [her] failure to produce still more supporting evidence should not be held against [her]").

We therefore grant the petition for review with respect to the withholding of removal and CAT claims, and remand to the BIA for further proceedings on an open record. *See Soto-Olarte*, 555 F.3d at 1093-96; *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Because we remand on an open record, we need not reach petitioners' due process arguments concerning their lack of an opportunity to examine and explain the article concerning the Fatherland-All Russia Party. However, we reject petitioners' contention that their due process rights were violated because the IJ was biased. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

06-74688